UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Lisa Azzou,** as guardian and natural parent on behalf of her minor daughter **S.A.**, <br><br> Plaintiff, <br> v. <br><br> **Birch Run Properties, Ltd.,** a Ohio Limited Liability Company, <br><br> Defendant. | Case No. 1:22-cv-10288 |

NOW COMES Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A., by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against Birch Run Properties, Ltd. a Ohio Limited Liability Company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Lisa Azzou on behalf of her minor child S.A. and individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

        United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Lisa Azzou is the guardian and natural parent of her minor daughter S.A.

5. S.A., is a female born on October 29, 2008, is an Oakland County, Michigan resident, and the minor child qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6. Defendant **Birch Run Properties, Ltd.**, upon information and belief, owns or operates the hotel property located at 12130 Tiffany Blvd, Birch Run, MI 48415 in Saginaw County, Michigan, which is the "Hampton Inn Birch Run Frankenmuth". Plaintiff, together with her minor daughter S.A., were overnight hotel guests and have patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and have experienced the barriers to access complained of herein.

7. Upon information and belief, the hotel owned or operated by the Defendant was originally built by the Defendant commencing in 1996 and granted permits for occupancy in 1997 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing

       regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation.  Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

9. S.A. is a child diagnosed with spina bifida, hydrocephalus, Chiari malformation, sleep apnea, and neurogenic bladder and permanently uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Lisa Azzou is her mother.

10. On or about May 14, 2021, S.A. and her mother were overnight hotel guests of the property that forms the basis of this lawsuit and plan to return to the property to avail herself of the goods and services offered to the public at the property.

11. During the Plaintiff's visits to Defendant's property, she encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety and violate nondiscrimination provisions of the ADA thereby impacting the Plaintiff.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has

reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Accessible Routes

   A. There is no accessible route from designated accessible parking or parking access aisles to points of entry, including the lobby and side entrances, due to a complete lack of curb cuts or ramps on adjoining sidewalks, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

Parking and Passenger Loading Zones

   B. The passenger loading zone is not marked with a required access aisle, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

    C.   The existing designated accessible parking are not marked as "Van Accessible" where applicable, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

    D.   The existing designated accessible parking access aisles do not lead to an accessible route in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

Designated King Mobility Accessible Guestroom with Bathtub

    E.   The designated accessible guestroom does not have required signage identifying it as a guestroom equipped with mobility features, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

    F.   The entrance door to the guestroom requires more than 5lbs of force to open, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

    G.   The bathroom sink does not have the required knee clearance, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

    H.   The grab bars in the bathtub are mounted or located incorrectly including locating a grab bar above the permanent bathtub seat and incorrect placement of back wall grabs bars, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

    I.   Upon information and belief, there are additional violations of the implementing regulations of the ADA located in the Designated King Mobility Accessible Guestroom with Bathtub which require further investigation, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

Designated King Mobility Accessible Guestroom with Roll-in Shower

    J.   The bathroom sink does not have the required knee clearance, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

    K.   Upon information and belief, there are additional violations of the implementing regulations of the ADA located in the Designated King Mobility Accessible Guestroom with Roll-in Shower which require further investigation, in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable or whose remedy is readily achievable.

Accessible Guestrooms and Accommodations

L. Upon information and belief, there are not designated accessible guestrooms disbursed among the various classes of guestrooms, whereas the property only offers mobility accessible guestroom with one (1) king bed but able bodied patrons can choose from room types that include One (1) king bed with a sofabed, two (2) queen beds with a sofabed, and two (2) queen beds. This is in violation of the ADA for whose full compliance is required to the extent that it is not structurally impracticable as this property constitutes post-enactment of the ADA new construction.

M. Upon information and belief, the hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 89 guestrooms as Hampton Inn, there must be a minimum of four mobility accessible guestrooms without a roll-in shower and a minimum of one mobility accessible guestroom with a roll-in shower, totaling five guestrooms.

Access to Goods and Services

N. There is not an accessible means of entry to the spa in the pool area which was required effective January 31, 2013, in violation of the 2010 ADA Standards whose remedy is readily achievable.

O. There is not at least 5% of seating and standing dining surfaces that are accessible in the lobby or dining areas, in violation of the ADA whose remedy is readily achievable.

P. In the fitness room there is not the required clear floor space at exercise machines and equipment provided to allow for transfer or for use by an individual seated in a wheelchair.

Lobby Restrooms:

Q. The water closet side grab bar located in the men's lobby restroom does not extend 54 inches minimum from the rear wall.

R. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

S. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

T. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A..

16. The discriminatory violations described in Paragraph 15 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will

continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the retail store accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such mandatory or readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 et seq.**

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Hampton Inn Birch Run Frankenmuth, a hotel, is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges by failing to provide equal access to people with mobility impairments. More specifically, the Plaintiff has been damaged because this hotel requires guests with

disabilities who have families and require accessible lodging to reserve and pay for multiple guest rooms in order to obtain transient lodging with more than one King Bed. This is actual discrimination against the Plaintiff and her minor child compared to able bodied patrons of the hotel who can reserve transient lodging guestrooms with 2 beds or 2 beds plus a sofabed.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center

        4334 W. Central Ave., Suite 222
        Toledo, OH 43615
        (419) 241-9661 – Phone
        (419) 241-9737 - Facsimile
        dunnlawoffice@sbcglobal.net

        and

        Valerie J. Fatica (0083812)
        4334 W. Central Ave., Suite 222
        Toledo, OH 43615
        (419) 654-1622 – Phone
        (419) 241-9737 - Facsimile
        Email: valeriefatica@gmail.com
        *Admitted to the Eastern District of Michigan